BEFORE THE THIRD DIVISION, NOVEMBER 28, 1951

**No. 56085.**—Alpha Distributing Company et al. v. United States, protests 108010–K, etc. (San Francisco).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 56086.**—A. Giurlani & Bro. v. United States, protest 109926–K (San Francisco).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 56087.**—Jura Products v. United States, protest 167212–K (New York).

Opinion by EKWALL, J. At the hearing it was agreed that the circumstances surrounding the liquidation of the entry involved are similar in all material respects to those covered by the decision in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 56088.**—Leacock & Company, Inc. v. United States, protests 174839–K (A), etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.